FINLEY v. MORRIS.

[No. 14,432.   Filed June 24, 1932.]

504

*Bernard C. Craig,* for appellant.

*George W. Wells, R. V. Tozier, Silas A. Hays* and *Mat J. Murphy,* for appellee.

CURTIS, J.—This was an action for damages brought by the appellee, Alexander Morris, against the appellant, George W. Finley, growing out of personal injuries received by the appellee whereby his left hand, wrist, and arm were cut and bruised, which injuries are alleged to have been sustained by reason of the negligence of the appellant. Trial was had before a jury upon the amended first paragraph of complaint to which an answer of general denial was filed. A verdict for $1,000 was returned against the appellant and judgment entered accordingly. A motion for a new trial was filed seasonably and overruled and this ruling of the court is the only error relied upon for reversal.

The motion for a new trial contains five causes as follows: (1) Error in admitting certain evidence over appellant's objection; (2) error in not giving to the jury instructions 1, 2, 3, 5, 6, 7, 9 and 10 tendered by the appellant; (3) excessive damages; (4) the verdict not sustained by sufficient evidence; (5) the verdict contrary to law.

The appellant in his brief, under the heading of Prop-

ositions, Points and Authorities, has not discussed the first cause in his motion for a new trial and it has therefore been waived. It is also to be noted that the court gave 22 instructions to the jury, none of which are now challenged by the appellant. The appellant's contention in regard to instructions is that the court erred in not giving instructions 1, 2, 3, 5, 6, 7, 9 and 10 tendered by the appellant. We have examined the instructions given by the court together with those tendered by the appellant and refused by the court. The appellant's instruction. No. 1 defined negligence and was fully covered by the court's instructions, particularly by instruction No. 6; his instruction No. 2 was covered by the court's instructions Nos. 5, 9 and 11; his instruction No. 3 was covered by the court's instructions, particularly by instruction No. 15; his instruction No. 5 was also covered by the court's instructions, particularly by Nos. 9 and 13; his instruction No. 6 was covered particularly by instructions Nos. 2½, 10, and 11; his instruction No. 7 was fully covered and particularly by instructions Nos. 2½, 9, 10 and 11; his instruction No. 9 is covered, and particularly by instruction No. 21, and his instruction No. 10 was fully covered by the court's instructions. The court's instructions were ably prepared and fully covered the case and we find no error in the rulings of the court in refusing each of the instructions tendered by appellant.

We have examined the evidence and under the familiar rule that this court will not disturb the verdict of a jury if there is competent evidence or legitimate inferences to be drawn therefrom to sustain it, we would not feel justified in reversing the judgment in the instant case. There was medical testimony to the effect that appellee's hand was injured and impaired to the extent of one-half. There was also evidence that the injury occurred by the strik-

ing of appellee's left hand on the back thereof by an axe being used by the appellant; that at the time of the injury the appellee and appellant were cutting some weeds and brush on appellant's land and at the moment of the injury the appellant was working behind the appellee. The appellant defended mainly upon the theory that the accident was unavoidable and also upon the theory that the appellee was guilty of contributory negligence. The jury was fully instructed upon these theories. It heard the evidence and by its verdict it found against appellant on his contentions. We cannot say that there was not some evidence or some legitimate inferences to be drawn from the evidence to sustain the verdict. We do not believe that the damages assessed by the jury are excessive.

The appellee has filed a motion to dismiss this appeal based largely upon alleged defects in briefing but we have given the appellant the benefit of the "good faith attempt" rule and have decided the case upon the merits. The motion to dismiss is, therefore, overruled. We find no reversible error.

Judgment affirmed.